IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER CLARK,                           No. CIV S-09-1948-JAM-CMK

      Plaintiff,

  vs.                                ORDER

ROLLING HILLS CASINO, et al.,

      Defendants.

_____/

      Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

      Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

1

1  granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. §§ 1915(e)(2).  Moreover, the Federal Rules of Civil Procedure require that complaints
3  contain a "short and plain statement of the claim showing that the pleader is entitled to relief."
4  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.
5  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).
6  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim
7  and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).
8  Because plaintiff must allege with at least some degree of particularity overt acts by specific
9  defendants which support the claims, vague and conclusory allegations fail to satisfy this
10 standard.  Additionally, it is impossible for the court to conduct the screening required by law
11 when the allegations are vague and conclusory.

**I.  BACKGROUND**

13        Plaintiff alleges his civil rights under 42 U.S.C. §§ 1983, 1985, and 1988, have
14 been violated.  He claims that in July 2008, he was invited to Rolling Hills Casino to participate
15 in a free raffle for a new car.  While at the Casino, the Casino employees were watching him and
16 making him feel uncomfortable.  He therefore obtained a Diet Coke from the bar.  After drinking
17 the Diet Coke, Plaintiff states he became ill and attempted to leave the Casino.  However, he was
18 detained by the Casino employees who refused to allow him to leave.  While he was being
19 detained by the Casino employees, the police were summoned.  He then alleges the police
20 officers used excessive force against him by sitting on him to place him in handcuffs then
21 picking him up and slamming him on the patrol car knocking him unconscious.  The police then
22 charged him with resisting arrest, charges he alleges were false and were used to cover up the
23 police brutality.  Plaintiff then apparently returned to the casino a week later for another raffle
24 and was asked to leave by Casino employees.

25        Plaintiff names several defendants in his complaint, but also states that he has
26 been unable to discover the names of the actual individuals involved in the alleged incidents.

Specifically, Plaintiff names as defendants: Rolling Hills Casino, County of Tehama, Tehama County Sheriff's Department, City of Corning, Corning Police Department, and Does 1-25 (consisting of Casino employees and individual law enforcement officers).

## II.  DISCUSSION

Plaintiff's complaint suffers from numerous defects.

### A.    Sovereign Immunity

Plaintiff's first defendant is Rolling Hills Casino.  It appears to the undersigned that the Casino and its employees are immune from this action under the doctrine of sovereign immunity.  "As a general proposition, Indian tribes are immune from suit in state or federal court."  United States v. Oregon, 657 F.2d 1009, 1012 (9th C ir. 1981), see also Kiowa Tribe v. Mfg. Tech., Inc., 523 U.S. 751 (1998).  This protection includes businesses owned and operated by a tribe if it functions as an arm of the tribe.  See Marceau v. Blackfeet Hous. Auth., 455 F.3d 974, 978 (9th Cir. 2006).  It also extends to tribal officials and employees acting in their official capacity and within the scope of their authority.  See Oregon, 657 F.2d at 1012 n. 8 (citing Davis v. Littell, 398 F.2d 83, 84-85 (9th Cir. 1968)); Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 726-27 (9th Cir. 2008).  However, when tribal officials act beyond their authority, they lose their entitlement to the immunity of the sovereign.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978).

Here, it appears that Rolling Hills Casino itself would fall under this protection. Plaintiff even states in his complaint that "Rolling Hills Casino is a defendant located on an Indian Reservation in the County of Tehama."  (Comp. at 2).  In addition, from the allegations in the complaint, it appears the Doe employees were acting within the scope of their employment, thus entitling them to the same protection.   Therefore, unless Plaintiff can allege otherwise, it does not appear that he can state a claim for which relief can be granted against these defendants.

/ / /

### B.     Municipal Liability

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988), Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

Here, Plaintiff names the City of Corning, the Corning Police Department, the County of Tehama, and the Tehama County Sheriff's Department as defendants to this action. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from official policy,

4

longstanding practice or custom of the municipality, or "if the person causing the violation has final policymaking authority." Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003). A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff makes no allegations in his complaint as to any municipal policy or custom. Rather, Plaintiff's claims are against the individual law enforcement officers. Even reading the complaint broadly, as the court must with a pro per plaintiff, there is nothing in the complaint which the court could construe as claims that the officers acted according to some official policy, custom or practice. Instead, Plaintiff's allegations are against the individual officers whom he claims used excessive force against him. His complaint is therefore insufficient to state a claim for any municipal liability.

### C. Excessive Force

The Fourth Amendment protects individuals "against the use of excessive force during arrest procedures." Karim-Panahi, 839 F.2d at 624 (citing Robins v. Harum, 773 F.2d 1004, 1008 (9th Cir. 1985)). The Fourth Amendment requires peace officers to use only an amount of force that is objectively reasonable in light of all the surrounding circumstances. Graham v. Common, 490 U.S. 386, 397 (1989). Assessing the level of permissible force "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (internal quotations marks and citations omitted).

Here, Plaintiff alleges the peace officers handled him roughly, physically forcing him out of his wheelchair, sitting on him while placing him in handcuff, then slamming him against the police car knocking him unconscious. Plaintiff's claims against the peace officers may be sufficient to survive screening on his claim for excessive force. However, the officers are

only identified as Doe defendants.

### D.  Doe Defendants

Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F. Supp. 1172, 1180 (N.D. Cal.1986).  However, situations arise where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978); see, Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13(1978).

Here, on the facts alleged in the complaint, there are no defendants with whom Plaintiff can conduct discovery in an attempt to ascertain the identity of the Doe defendants. However, Plaintiff will be provided with an opportunity to utilize whatever means he may have, through discovery or otherwise, to ascertain the identity of the peace officers involved in the altercations he complains of.  If he is successful in obtaining the identities, he may file an amended complaint naming the individual officers as defendants and setting forth his claims against them.  Plaintiff is cautioned that service of process by the United States Marshal is unlikely to be successful for Doe defendants.  The United States Marshal will need identifying information in order to serve the officers Plaintiff identifies in his complaint as Doe defendants.

### III.  CONCLUSION

Based on the above, plaintiff's complaint fails to state a cause of action upon which relief can be granted against Rolling Hills Casino, the City of Corning, the Corning Police Department, the County of Tehama, and the Tehama County Sheriff.  It is sufficient to state a claim against the Doe peace officers, but without the identity of the peace officers, service is unlikely to be accomplished.

However, because it appears possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, Plaintiff may choose to go forward in this action based on the claims in his complaint against the Doe defendant peace officers. Therefore, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, and this action will proceed against the Doe defendants. However, before the court can issue such orders as are necessary for service of process as to the cognizable claims, Plaintiff must provide sufficient information as to the Doe defendants for the United States Marshal to effect service. If Plaintiff decides to stand on his original complaint, he will be required to provide identifying information, obtained through discovery or other means available to Plaintiff, for the United States Marshal to serve the complaint.

Plaintiff is cautioned that failure to file an amended complaint or provide sufficient identifying information on the Doe defendants within the time provided in this order

may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file an amended complaint within 30 days of the date of this order;

2. If Plaintiff chooses not to file an amended complaint to cure the defects addressed above, this action may proceed on Plaintiff's original complaint; and

3. If Plaintiff chooses to proceed on his original complaint, he shall, within 30 days of the date of this order, provide sufficient information to identify his Doe defendant peace officers.

DATED: May 5, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE