IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER CLARK,                                    No. CIV S-09-1948-JAM-CMK

        Plaintiff,

    vs.                                          ORDER

ROLLING HILLS CASINO, et al.,

        Defendants.

_____/

        Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 5).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter

. . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

Plaintiff's original complaint was found deficient in that he failed to state a claim for upon which relief could be granted against Rolling Hills Casino, the City of Corning, the Corning Police Department, the County of Tehama, and the Tehama County Sheriff. The undersigned found the original complaint sufficient to state a claim against the Doe peace officers, but informed Plaintiff that without the identity of the peace officers, service is unlikely to be accomplished. Plaintiff was then provided an opportunity to file an amended complaint, which he has now done.

In his amended complaint, Plaintiff identifies two of the individual officers involved in the altercation he complains about. The officers are identified as officers Bennett and Benson. In addition, he includes state law claims against the Rolling Hills Casino, Eric Felix, and Jon Pada.[1] As stated in the prior court order, Plaintiff's complaint states sufficient facts to state a claim against defendants Bennett and Benson. The court will therefore authorize service against these defendants.

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. If plaintiff desires service of process by the United States Marshal without pre-payment of costs, plaintiff must comply with the requirements outlined below. Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall issue a summons in a civil case, the

---

[1] As these are state law claims, for which this court has pendent jurisdiction, the screening of these claims is not mandatory.

1  undersigned's new case documents, and an order setting this matter for an initial scheduling
2  conference;
3      2.    The Clerk of the Court shall send plaintiff the summons, five USM-285
4  forms, and a copy of the complaint;
5      3.    Within 15 days from the date of this order, plaintiff shall complete the
6  summons by indicating the addresses of the named defendants and shall submit to the United
7  States Marshal at the address indicated below the following documents:
8      a.    The completed summons;
9      b.    One completed USM-285 form for each named defendant;
10     c.    Six copies of the complaint; and
11     d.    Five copies of the court's initial scheduling conference order
12 issued herewith;
13     4.    Within 20 days of the date of this order, plaintiff shall file a notice
14 indicating that the documents described above have been submitted to the United States Marshal;
15     5.    The United States Marshal is directed to serve all process without pre-
16 payment of costs not later than 60 days from the date of this order, such service of process to be
17 completed by serving a copy of the summons, complaint, and initial scheduling conference order
18 on the defendants at the addresses provided by plaintiff; and
19     6.    The Clerk of the Court is directed to serve a copy of this order on the
20 United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED: October 29, 2010

                                                              
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE