IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CLARK, | No. CIV S-09-1948-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ROLLING HILLS CASINO, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 5).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

Plaintiff's original complaint was found deficient in that he failed to state a claim upon which relief could be granted against Rolling Hills Casino, the City of Corning, the Corning Police Department, the County of Tehama, and the Tehama County Sheriff. The undersigned found the original complaint sufficient to state a claim against the Doe peace officers, but informed Plaintiff that without the identity of the peace officers, service is unlikely to be accomplished. Plaintiff was then provided an opportunity to file an amended complaint, which he has now done.

In his amended complaint, Plaintiff identifies two of the individual officers involved in the altercation he complains about. The officers are identified as officers Bennett and Benson. In addition, he states state law claims against the Rolling Hills Casino, Eric Felix, and Jon Pada. As addressed by separate order, the court will authorize service against those defendants. Plaintiff's amended complaint no longer names the City of Corning, or the Corning Police Department as defendants, who have been terminated as defendants to this action.

However, Plaintiff continues to name the County of Tehama, and the Tehama County Sheriff's Department as defendants, and now names Sheriff Clay Parker for whom service is not appropriate. The undersigned will therefore recommend the dismissal of these defendants.

In the court's prior order, Plaintiff was informed:

> Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. "Traditionally, the requirements for relief under [§] 1983 have

been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988), Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

Here, Plaintiff names the City of Corning, the Corning Police Department, the County of Tehama, and the Tehama County Sheriff's Department as defendants to this action. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from official policy, longstanding practice or custom of the municipality, or "if the person causing the violation has final policymaking authority." Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003). A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff makes no allegations in his complaint as to any municipal policy or custom. Rather, Plaintiff's claims are against the individual law enforcement officers. Even reading the complaint broadly, as the court must with a pro per plaintiff, there is nothing in the complaint which the court could construe as claims that the officers acted according to some official policy, custom or practice. Instead, Plaintiff's allegations are against the individual officers whom he claims used excessive force against him. His complaint is therefore insufficient to state a claim for any municipal liability.

Plaintiff's amended complaint fails to cure the defects previously identified regarding his claims against the County of Tehama or the Tehama County Sheriff's Department. There is nothing in Plaintiff's amended complaint which could be construed as stating a claim

against either the County of Tehama or the Tehama County Sheriff's Department based on the individual officers conduct conforming to any official policy, custom, or practice.  As Plaintiff was previously informed of the requirements to state a claim against such defendants, and continues to fail to do so, it appears Plaintiff is either unable or unwilling to cure the defects in his complaint.  The undersigned will therefore recommend the dismissal of the County of Tehama and the Tehama County Sheriff's office as defendants to this action.

Plaintiff was also informed that his amended complaint "must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)."  Plaintiff names Sheriff Clay Parker as a defendant.  Based on the facts alleged in the amended complaint, it is clear that Sheriff Parker was not present during the altercation complained of, and is solely being sued in his supervisory capacity.  However, supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

The claims in Plaintiff's amended complaint make it clear that the only role Sheriff Parker played in the actions alleged was as a supervisor, and that officers Bennett and Benson were acting under his supervision. Such allegations are insufficient to state a claim. The undersigned will therefore recommend the dismissal of Sheriff Parker as a defendant to this action.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that the County of Tehama, the Tehama County Sheriff's Department and Sheriff Clay Parker be dismissed from this action, and that the case proceed against the remaining defendants only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE