IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CLARK, | No. CIV S-09-1948-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| ROLLING HILLS CASINO, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Rolling Hills Casino, Eric Felix, and Jon Padas' motion to dismiss (Doc. 15). A hearing on the motion was held on April 7, 2011, before the undersigned in Redding, California. Defense counsel Michael Snoke appeared for defendants Rolling Hills Casino, Art Felix,[1] and Jon Pata;[2] Plaintiff appeared in pro per.

///

---

[1]  Defendant Felix was erroneously named in the complaint as Eric Felix, however his first name is Art not Eric.

[2]  Defendant Pata was also erroneously named in the complaint as Jon Pada, however his last name is correctly spelled Pata.

1

## I. BACKGROUND

Plaintiff alleges he was at Rolling Hills Casino for a raffle, when he got sick after drinking a Diet Coke. He claims he attempted to leave to seek medical assistance, but was detained by the defendant employees of the Casino. The Sheriff's Office was then called, and two deputies arrived. The officers then apparently arrested plaintiff, who threw up on one of the officers and was barely conscious. Plaintiff contends that during his arrest, the officers used excessive force against him, dragging him through the parking lot and throwing him against the car. The officers then took him to the emergency room for medical treatment, prior to jail.

## II. MOTION TO DISMISS

Defendant Rolling Hills Casino, and its employees defendants Pata and Felix, bring this motion to dismiss, pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1), (6), on the grounds that this court lacks subject matter jurisdiction, and plaintiff's amended complaint fails to state a claim on which relief may be granted.

Defendants contend that pursuant to the terms and conditions of the Tribal-State Compact, which is attached to the moving papers, they have not waived sovereign immunity for tort claims and plaintiff's exclusive remedy is to file a claim under the Tort Claims Act, as set forth in the Compact. As sovereign immunity has not been waived, this action is barred.

Defendants offer both a facial and factual attack on plaintiff's complaint. Facially, defendants argue plaintiff's complaint contains sufficient factual allegations to determine that they are protected by sovereign immunity, given that plaintiff acknowledges the casino and employees, as well as the alleged incident, are located on an Indian Reservation. Factually, pursuant to the Compact and the limited waiver of immunity therein, the court lacks jurisdiction over this action regardless of whether the claims set forth are state or federal law claims.

/ / /

/ / /

**Opposition**

In opposition, plaintiff states that this court has jurisdiction over the defendants as they are a business enterprise open to the general public. Plaintiff does not, however, address the sovereign immunity of the Tribe, the Casino, or the employee defendants. Plaintiff simply reiterates the facts of the events giving rise this action.

**Reply**

In reply, defendant argues plaintiff failed to address the deficiencies in his complaint, specifically the immunity issue.

### III.   DISCUSSION

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for

1 failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic
2 recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
3 raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain
4 "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has
5 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
6 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at
7 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
8 than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.
9 at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,
10 it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.
11 (quoting Twombly, 550 U.S. at 557).

12          A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)
13 can be either a facial or factual attack.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.
14 2004).  In a facial attack on subject matter jurisdiction, the court is confined to the allegations in
15 the complaint.  In a factual attack, the court is permitted to look beyond the complaint and may
16 consider extrinsic evidence.  See id. (citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1036
17 (9th Cir. 2004)), Savage v. Glendale Union High Sch., 434 F.3d 1036, 1040 n.2 (9th Cir. 2003).
18 Jurisdiction must generally be determined prior to a federal court considering a case on its merits.
19 See United States v. Larson, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing Steel Co. v. Citizens for
20 a Better Env't, 523 U.S. 83, 94 (1998)).

21          Defendants claim this court lacks subject matter jurisdiction over the claims
22 against defendants Rolling Hills Casino, Art Felix , and Jon Pata because these defendants are
23 covered by tribal sovereign immunity.

24          "As a general proposition, Indian tribes are immune from suit in state or federal
25 court." United States v. Oregon, 657 F.2d 1009, 1012 (9th C ir. 1981), see also Kiowa Tribe v.
26 Mfg. Tech., Inc., 523 U.S. 751 (1998).  This protection includes businesses owned and operated

by a tribe if it functions as an arm of the tribe.  See Marceau v. Blackfeet Hous. Auth., 455 F.3d 974, 978 (9th Cir. 2006).  It also extends to tribal officials acting in their official capacity and within the scope of their authority.  See Oregon, 657 F.2d at 1012 n. 8 (citing Davis v. Littell, 398 F.2d 83, 84-85 (9th Cir. 1968)).  However, when tribal officials act beyond their authority, they lose their entitlement to the immunity of the sovereign.  See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978).  The immunity also extends to employees of tribal entities acting within their official capacity and within the scope of their authority.  See Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 727 (9th Cir. 2008).  This immunity does not, however, extend to individual tribal members.  See Puyallup Tribe, Inc. v. Dept. of Game, 433 U.S. 165, 171-73 (1977).

As to defendants' facial attack on subject matter jurisdiction, Rolling Hills Casino is clearly a business owned and operated by the Paskenta Bank of Nomlaki Indians (Tribe).  Plaintiff even acknowledges such in his complaint.  The Casino is therefore clearly protected by the Tribe's sovereign immunity.  As to the casino employees, while plaintiff acknowledges the relationship between the Casino, employee defendants and the Tribe, the undersigned finds the better argument lies with the factual attack.  Defendants have provided the court with a copy of the Compact, and declarations regarding the employee defendants' positions with the Tribe and Casino.  Both of these documents, which are extrinsic evidence and therefore only reviewable in a factual attack, are helpful in determining the issue of tribal sovereign immunity.

The Ninth Circuit has decided tribal immunity applies to employees acting within the scope of their employment.  The important question, therefore, is whether the defendants were in fact acting within the scope of their employment.  The Ninth Circuit in Cook did not define "scope of employment."  In that case it was unnecessary to do so because the plaintiff had only sued the individuals in their official capacity.  See 458 F.3d at 727.  Here, plaintiff does not explicitly specify whether the individuals were sued in their official or individual capacities.  It therefore is necessary to determine whether the defendants were acting within the scope of their

employment to determine whether the tribal immunity applies.

In defining scope of employment, it is instructive to look to the doctrine of respondeat superior in terms of vicarious liability. The Ninth Circuit, in defining course and scope of employment in relation to whether an employer benefitted from an employee's RICO violation, relied on the Restatement (Second) Agency §§ 219, 228. The Ninth Circuit stated:

> Within the course and scope of employment means: (1) the conduct occurred substantially within the time and space limits authorized by the employment; (2) the employee was motivated, at least in part, by a purpose to serve the employer; and (3) the act was of a kind that the employee was hired to perform.

Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 775-76 (9th Cir.2002).

California law defines "course and scope" somewhat differently; under the California doctrine of respondeat superior,

> An employee is acting within the scope of his or her employment if either one of two conditions is met: (1) the act performed was either required or incident to her duties, or (2) the employee's misconduct could be reasonably foreseen by the employer.

Randolph v. Budget Rent-A-Car, 97 F.3d 319, 327 (9th Cir. 1996) (citations omitted). Under either of these definitions, both defendants Pata and Felix were acting within the scope of their employment and are therefore covered by tribal immunity. Plaintiff implies in his complaint that both defendants were supervisors at the Casino on the night of the incident, who directed other employees actions. Indeed, plaintiff even acknowledges in his complaint that defendants[3] Pata and Felix were "acting in the official capacity of defendant Rolling Hills Casino . . . ." Thus, plaintiff's claims are that the defendants, as employees of the Casino, acted within the scope of their employment in detaining him and not allowing him to seek medical attention. Tribal sovereign immunity therefore applies as to each of these defendants, and this court lacks subject

---

[3] Plaintiff also alleges other employees of Rolling Hills Casino were involved in this altercation, and similarly alleges they were acting in their official capacity for the Casino. Thus, the same analysis applies to the Doe employee defendants.

6

matter jurisdiction over them.

As this court lacks subject matter jurisdiction[4] over the Casino and it's employees, the motion to dismiss should be granted, and the claims against them should be dismissed with prejudice. Similarly, leave to amend should not be granted as this court lack jurisdiction due to sovereign immunity, and there is no possibility that plaintiff could plead different facts to cure that defect.[5]

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 15) be granted;

2. Defendants Rolling Hills Casino, Felix and Pata be dismissed from this action; and

3. This action continue as to defendants Bennett and Benson only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[4] Further, due to the lack of subject matter jurisdiction over these defendants, whether the complaint fails to state a claim is immaterial and need not be addressed.

[5] Plaintiff has also named DOE defendants, including other Casino employees. As this court lack jurisdiction over the Casino employees, leave to amend to identify the DOE defendants should likewise be denied.